IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BILLY MILES, B-75226,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-3574-SMY |
| | ) |
| **CHANNEL GUIDE MAGAZINE,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Billy Miles, an inmate currently incarcerated at Menard Correctional Center, filed this *pro se* action against Defendant Channel Guide Magazine pursuant to 42 U.S.C. 1983 alleging fraud. Miles' Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 5) is now before the Court.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court is satisfied from Miles' affidavit that he is indigent and cannot pay the $400.00 filing fee at this time – he is currently incarcerated and has no wages, other income, or savings. However, the Court's inquiry does not end there because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.

The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save

everyone time and legal expense"). The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000).

In his Complaint, Miles alleges that he was transferred to Pinckneyville Correctional Center in November 2021. He wrote to Channel Guide Magazine on numerous occasions to inform them of his transfer. Despite his numerous correspondences, Miles has only received 5 out of 24 issues of the magazine. Miles asserts that Channel Guide Magazine has defrauded him of the $65.00 he paid for his magazine subscription and requests damages in the amount of $1,000,000.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). The "state actor" predicate to § 1983 liability must be satisfied for a claim to proceed against a defendant. Here, Channel Guide Magazine is a private citizen, not state actor. Thus, Miles has no relief available under § 1983.

For the foregoing reasons, Miles' Motion to Proceed *in forma pauperis* (Doc. 5) is **DENIED** and this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). All pending motions are **TERMINATED** as **MOOT**.

**IT IS SO ORDERED.**

DATED: November 22, 2023

*[signature]*

**STACI M. YANDLE**
**United States District Judge**